UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICIA PATTERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-0516 (PLF) |
| DISTRICT OF COLUMBIA HOUSING AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. For the reasons discussed below, the motion to dismiss will be granted, and the motion for summary judgment will be denied as moot.

I.  BACKGROUND

The District of Columbia Housing Authority ("DCHA"), established as an independent authority of the District of Columbia government, *see* D.C. Code § 6-202(a), owns and operates public housing properties in the District of Columbia, one of which is Greenleaf Gardens in Southwest, Washington, D.C. *See* http://www.dchousing.org (follow "Properties" hyperlink; then follow "Greenleaf Gardens" hyperlink). It appears that plaintiff has been a tenant at Greenleaf Gardens since November 1998. *See* Compl., Attach. (Dwelling Lease Agreement, Lease No. 021-0307) at 1.

In its entirety, plaintiff's Complaint reads as follows:

1

> I Patricia Patterson has [sic] been harass [sic], retaliated, intimidated, and coercion [sic] by District of Columbia Housing Authority Administrator.  I have file [sic] numerous complaint with the Fair Housing Grievance Procedure and the retaliation still occur the last date of retaliation 3/9/09[.]  I place [sic] the lease agreement in the Fair Hearing 2/15/08[;] DCHA has not responded back.  I file [sic] another complaint because my rent increase to $203.00 and my income I turn in was $728.00 and the letter stated that there was no change in child support[.]  I gave them a letter stated the last report was in 8/1/08 for the amount of $33.17.  I file [sic] a complaint about my rent and I received a notice on 3/9/09 to vacate or cure if I don't sign the new lease which I produce evidence that ACLU has written stated that it violated civil right law and basic right.  I have been harass [sic] since 2/06[.]  Ms. Deborah Todd has enter [sic] my unit illegally numerous of time and Housing was aware.  I am requesting $50,000 for all the harass [sic] the extortion of my rent.

Compl. at 1.

## II.  DISCUSSION

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "As a court of limited jurisdiction, this Court is under a continuing obligation to examine its jurisdiction any time it appears to be in question." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 (D.C. Cir. 1984)); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").  The Court neither may "overlook a potential defect in its jurisdiction simply because the parties fail to call it to the Court's attention[,]" nor may "presume the existence of jurisdiction in order to dispose of a case on any other grounds." *Nikbik v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 58 (D.D.C. 2007) (citation omitted).  "If the court

determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. at 513.  Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 1331, and may have jurisdiction over state common law disputes that arise between citizens of different states where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Keeping in mind that a pleading filed by a *pro se* plaintiff is held to a less stringent standard than that applied to a pleading prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court identifies no basis for its jurisdiction.

The complaint does not establish that plaintiff's cause of action arises under the United States Constitution, federal law, or treaty.  Nor does the pleading establish jurisdiction based on diversity of citizenship because both parties either reside or conduct business in the District of Columbia and the amount in controversy falls below the $75,000 threshold.  Absent these critical elements, the complaint is subject to dismissal for lack of subject matter jurisdiction.  *See, e.g., Johnson v. Robinson*, 576 F.3d 522 (D.C. Cir. 2009) (per curiam) (affirming dismissal of complaint for lack of subject matter jurisdiction because it "is an outgrowth of a D.C. landlord-tenant dispute between residents of the District" and because "it established neither federal question nor diversity of citizenship jurisdiction").  Rather, it appears that plaintiff's claims of harassment, retaliation, intimidation, coercion, and other torts are local law matters over which this Court has no independent jurisdiction.

III.  CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction.  An Order accompanies this Memorandum Opinion.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 8, 2010